IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BRIAN K. SNOW                                                                    PLAINTIFF

v.                              Civil No. 3:25-cv-03062-DCF-CDC

JOHN MONTOGMERY (Baxter County
Sheriff); and TABITHA MAZE (Jail
Administrator, Baxter County Detention
Center)                                                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable David Clay Fowlkes, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey an order of the Court.

### I.  DISCUSSION

Plaintiff, who is proceeding *pro se*, brought this lawsuit regarding events that he alleges occurred while he was incarcerated in the Baxter County Detention Center ("BCDC").  On September 10, 2025, the Court provisionally filed Plaintiff's Complaint (ECF No. 1) because Plaintiff failed to submit a completed *in forma pauperis* ("IFP") application.  *See* ECF No. 3, p. 1. The Court entered an Order that same day directing Plaintiff to either submit a completed IFP application or pay the filing fee and administrative fee.  *See id.*  The Order imposed a deadline of October 10, 2025 for Plaintiff to perform this task, and warned that if Plaintiff failed to comply then his complaint "shall be subject to dismissal for failure to obey an order of the court."  *Id.* After Plaintiff missed that deadline, this Court entered an Order giving Plaintiff 21 days to show cause why he failed to obey the prior Order, and warning that if he failed to respond by this

1

deadline, "this case shall be subject to dismissal." *See* ECF No. 7. That deadline also passed with no response from Plaintiff, so the undersigned submitted a Report and Recommendation ("R&R") on December 3, 2025, recommending that this case be dismissed without prejudice for failure to prosecute and failure to obey orders of the Court. *See* ECF No. 10.

However, it subsequently came to the undersigned's attention that the Court's previous orders had been mailed to Plaintiff at the BCDC instead of at the free-world address where he resided post-incarceration, and that accordingly Plaintiff may not have received notice of those orders. Therefore, the undersigned withdrew the previous R&R, directed the Clerk of the Court to send Plaintiff a blank free-world IFP application, and imposed a new deadline of January 27, 2026, for Plaintiff to either pay the filing fee or submit a completed IFP application. *See* ECF No. 13. After Plaintiff missed that deadline, this Court entered an Order giving Plaintiff 21 days to show cause why he failed to obey the prior Order, and warning that if he failed to respond by this deadline, "this case shall be subject to dismissal." *See* ECF No. 14. The mailing of this Order to Plaintiff was not returned as undeliverable, but Plaintiff never responded to it.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

2

## II.  CONCLUSION

Accordingly, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).  Fed. R. Civ. P. 41(b).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **19th day of March 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE